**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

NATIONAL ASSOCIATION      \*
OF HOME BUILDERS OF THE      \*
UNITED STATES, *et al.*,      \*
     \*
     \*
    Plaintiffs-Appellants,      \*
     \*    No. 26-1449
    v.      \*
     \*
MONTGOMERY COUNTY,      \*
MARYLAND,      \*
     \*
    Defendant-Appellee.      \*

**APPELLEE MONTGOMERY COUNTY, MARYLAND'S RESPONSE
IN  OPPOSITION TO
APPELANTS' MOTION TO EXPEDITE APPEAL**

Defendant Montgomery County, Maryland ("the County"), by and through its

undersigned counsel, and pursuant to Local Rule 12(c) of the Federal Rules of

Appellate Procedure, opposes Plaintiffs' April 23, 2026, Motion to Expedite Appeal

(the "Motion to Expedite") (Doc. 13), and as grounds states as follows:

There is no need to expedite this appeal. The County's law, requiring

regulations by December 31, 2026, with limits on natural gas in new construction,

took effect on March 23, 2023. Plaintiffs waited until October 17, 2024–more than

a year and a half later–to initiate this lawsuit. After they initiated suit, Plaintiffs

amended their complaint and thereby delayed the pending summary judgment

briefing schedule by three months. Any timing issues here were wrought by

Plaintiffs.

Contrary to Plaintiffs' statement that the District Court "recognize[d] Appellants' demonstrated harms," (Mot. at 6) the District Court in fact only found Plaintiffs alleged sufficient facts to survive motion to dismiss challenging their claims as unripe and for want of standing. Expediting this appeal would swamp this Court with motions for priority treatment from every litigant that similarly survived ripeness and standing challenges on a motion to dismiss. Even if Plaintiffs moved for injunctive relief pending appeal, and they have not, Plaintiffs have not alleged facts to demonstrate irreparable harm. Nor are they likely to succeed on the merits, as the District Court determined.

Conspicuously absent from Plaintiffs' motion is the fact that two plaintiffs herein are party to an appeal pending before the U.S. Court of Appeals for the Second Circuit, arguing the same federal statute preempts a New York law restricting fossil fuel equipment in new construction. The Second Circuit heard oral arguments on January 30, 2026. Any day now that Court may issue a decision that provides Plaintiffs with the Circuit Court split they seek to petition for a writ of certiorari to the U.S. Supreme Court. At which point judicial economy will weigh in favor of staying this case given the similarity of the federal preemption argument and the local laws at issue.

The motion should be denied.

## I. FACTS AND PROCEDURAL HISTORY

Concerned with the effects of global warming and climate change on public health and safety, the County enacted Bill 13-22, "Buildings–Comprehensive Building Decarbonization," effective March 13, 2023 (the "Decarbonization Law" or "Bill 13-22"). *See* **Exhibit 1**. The Bill became Chapter 38 of the 2022 Laws of Montgomery County. It added a new Section 8-14D to the Montgomery County Code, which is attached as **Exhibit 2**.[1]

***The Decarbonization Law is not Enforced Presently, Has Many Permanent Exemptions, and the Full Scope of Its Exemptions Will Not Be Known Until the County Promulgates Implementing Regulations.***

The County does not enforce the Decarbonization Law now. Rather, the Decarbonization Law requires the County Executive to promulgate regulations by December 31, 2026, with all-electric building standards for new construction in the County. *See* Ex. 1, § 2 (Lines 75-78).

"All-electric building standards" means, "a public or private building that contains no combustion equipment, or plumbing for combustion equipment, installed within the building or building site." *See* County Code § 8-14D(a). "Combustion equipment" means, "any equipment or appliance used for space heating, service water heating, cooking, clothes drying and/or lighting that uses fuel

---

[1]     Montgomery County publishes its Code and Regulations online at: https://codelibrary.amlegal.com/codes/montgomerycounty/latest/overview.

gas or fuel oil." *See id.*

The Decarbonization Law exempts permanently from the to-be-issued all-electric building standards:

- building application permits submitted prior to December 31, 2026;

- emergency backup systems in buildings required to have them;

- buildings used by utilities to generate electric power or steam;

- buildings used to treat sewage or waste;

- commercial kitchens in restaurants;

- gas fireplaces;

- outdoor gas grills; and

- buildings used for the following purposes as defined in the County's zoning law:
  - manufacturing and production,
  - crematories,
  - life sciences,
  - hospitals,
  - farming, and
  - farm alcohol production.

*See* County Code § 8-14D(c). The new regulations also will not apply to the following building type whose permit application is submitted prior to December 31, 2027: buildings meant to provide affordable housing ("moderately-priced dwelling units"), public or private schools, or residential buildings with four or more stories. *See* Ex. 1, § 3, Lines 79-87.

4

The Decarbonization Law also mandates that the regulations articulate a "code modification process" for new buildings that are "carbon-neutral or net-zero," and that the "[r]egulations may include additional exemptions not listed in section 8-14D(c) if all-electric building standards cannot be applied to the system or use due to practical difficulty or undue hardship." *See* County Code § 8-14D(b)(1), (2). The yet-to-be-issued regulations will need to define the meaning of "carbon-neutral," "net-zero," "practical difficulty, and "undue hardship" as they are not presently defined in the County's Code or Regulations.

The Decarbonization Law states that the regulations will be adopted via "Method 1." *See* County Code §§ 8-14D(b); 2A-15(f).[2] This means that the regulations will be published[3] and there will be an opportunity for public comment. *See* County Code § 2A-15(c), (f). After the comment period, the County Executive will submit the regulations to the County Council, who will then vote to approve or disapprove the proposed regulations. *See* County Code § 2A-15(f).

There are no all-electric building standards presently in effect, nor has the County as-yet published proposed regulations to implement County Code § 8-14D.

---

[2]     County Code § 2A-15 is attached as **Exhibit 3.**

[3]     The County publishes proposed regulations in the Montgomery County Register.
*See* *https://www.montgomerycountymd.gov/office-county-executive/montgomery-county-register*.

The Decarbonization Law does not apply to existing buildings that use natural gas. And as noted above, contrary to Plaintiffs' characterization, the Decarbonization Law is not an "appliance ban."

***Plaintiffs Waited More Than 18 Months after the Decarbonization Law's Effective Date to Initiate This Action.***

On October 17, 2024, more than 18 months after the effective date of the Decarbonization Law, Plaintiffs filed this suit against the County seeking a declaratory judgment and a permanent injunction against enforcement of the Decarbonization Law. ECF No. 1. They argued that the Energy Policy and Conservation Act, 42 U.S.C. §§ 6201-6422 ("EPCA"), which sets efficiency standards for appliances, preempts the Decarbonization Law. Plaintiffs did not seek a temporary restraining order or preliminary injunction.

Plaintiffs' original complaint and as amended expressly cites and relies upon the EPCA preemption analysis of a January 2024 Ninth Circuit Court of Appeals decision, *California Restaurant Association v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024). That decision found the EPCA preempted Berkeley's prohibition on the use of natural gas in new construction in the City.

Plaintiffs' October 2024 Complaint alleged incorrectly that Bill 13-22 promulgated the all-electric building standards and that the restrictions were

6

currently in effect.[4] All the affidavits in support of the Complaint stated incorrectly that Bill 13-22 "prohibits the use of gas appliances in the construction of new buildings in Montgomery County."[5] Despite their erroneous belief that Bill 13-22 promulgated the all-electric building standards, Plaintiffs' Complaint sought neither a temporary restraining order nor an injunction. *See* ECF No. 1.

Plaintiffs amended their complaint on January 29, 2025 (ECF No. 32), and thereby pushed back by three months the previously agreed-upon summary judgment briefing schedule. *See* **Exhibit 4**, ECF No. 13 (summary judgment briefing to be completed by April 15, 2025); **Exhibit 5**, ECF No. 37 (summary judgment briefing to be completed by July 30, 2025). Plaintiffs' Amended Complaint did not seek a temporary restraining order or preliminary injunction.

On March 25, 2026, the United States District Court for the District of Maryland granted the County's Motion to Dismiss the Amended Complaint, or in the Alternative, Motion for Summary Judgment, and denied Plaintiffs' Cross-

---

[4] *See* ECF No. 1 at ¶ 1 (Bill 13-22 "bans the use of gas appliances in new construction"); ¶ 21 (Bill 13-22 "bans the use of federally regulated appliances in new construction located in Montgomery County"); ¶ 54 (Bill 13-22 "prohibits the installation of EPCA-covered products"); ¶ 59 (Bill 13-22 "prohibits the use of EPCA-covered gas appliances that meet federal energy efficiency standards"); ¶ 64 (Bill 13-22 "bans EPCA-covered industrial appliances"); ¶ 69(c) (the Bill 13-22 "bans EPCA-covered gas appliances, even when they meet the federal efficiency standards").

[5] *See* ECF No. 1-1 ¶ 4; ECF No. 1-2 ¶ 4; ECF No. 1-3 ¶ 4; ECF No. 1-4 ¶ 6; ECF No. 1-5 ¶ 4; ECF No. 1-6 ¶ 5; ECF No. 1-7 ¶ 5; ECF No. 1-8 ¶ 5.

Motion for Summary Judgment. In so doing, the District Court rejected the EPCA preemption analysis of *Berkeley* advanced by Plaintiffs and found Plaintiffs are not likely to succeed on the merits of their claim. *See* ECF No. 60 at 8-13.

Plaintiffs noted this appeal on April 14, 2026. *See* ECF No. 62.  Plaintiffs did not seek injunctive relief pending this appeal from the District Court.

Instead, Plaintiffs claim the "exigency" of regulations to be issued by December 31, 2026, with all-electric building standards, is grounds for this Court to prohibit any extensions on the existing briefing schedule and to expedite oral argument.

## II.   ARGUMENT

### *Any Exigency is Due to Plaintiffs' Delay in Filing Suit.*

If Plaintiffs perceive any exigency due to the upcoming promulgation of regulations to implement the Decarbonization Law by December 31 2026, Plaintiffs created it. Plaintiffs were on notice as of March 23, 2023, the day the County's law took effect, that the County would promulgate, by December 31, 2026, regulations for all-electric building standards in new construction. Yet they waited until October 17, 2024, more than a year and a half after the County's law took effect, to file this EPCA preemption challenge to the County's law.

This delay is quite extraordinary if the Court reflects upon the many lawsuits initiated by several plaintiffs to this action to challenge state and local environmental

legislation based upon EPCA preemption. Specifically:

- May 2023: Plaintiff herein the National Propane Gas Association ("NPGA") joined others and filed suit against the Washington State Building Council, claiming the EPCA preempts portions of the Washington State Energy Code that restrict the use of natural gas.[6] Plaintiffs dismissed the case in August 2023.[7]

- October 12, 2023: Two plaintiffs herein–the National Association of Home Builders ("NAHB") and NPGA–initiated a lawsuit to challenge New York's All-Electric Buildings Act, enacted in May 2023, as preempted by the EPCA.[8]

- May 15, 2024: Plaintiff NPGA joined others who sued to challenge the State of Washington's Energy Code, claiming the EPCA preempted its natural gas restrictions.[9]

---

[6]      *See Rivera, et al. v. Washington State Bldg. Council*, Case No. 1:23-CV-03070, ECF No. 1, (E.D. Wash. May 22, 2023).

[7]      *See Rivera v. Anderson*, No. C24-0677-KKE, 2025 WL 606212, at *1 (W.D. Wash. Feb. 25, 2025), *appeal docketed*, No. 25-2134 (9th Cir. Mar. 25, 2025).

[8]      *Mulhern Gas Co. v. Mosley*, 798 F.Supp.3d 304, 311 (N.D.N.Y. 2025)*, appeal docketed*, No. 25-2041 (2nd Cir. Aug. 22, 2025).

[9]      *See Rivera v. Anderson,* No. 2:24-CV-00677-KKE, ECF No. 1 (W.D. Wash. May 15, 2024).

- July 3, 2024: Plaintiffs NAHB, NPGA, and the Restaurant Law Center, along with others, sued the City and County of Denver, Colorado, claiming that the EPCA preempted new provisions of the Denver Energy Code restricting the use of gas appliances.[10]

Plaintiffs' present argument of exigency rings hollow considering the above timeline of targeted litigation and delay in bringing this action. The County's law, with its December 31, 2026, deadline, took effect on March 13, 2023. Despite suing Washington in May 2023, New York in October 2023, Washington in May 2024, and Denver in July 2024–all based upon the same EPCA preemption theory–several Plaintiffs herein waited until October 2024 to bring this action against the County.

Once Plaintiffs filed this case in October 2024, they delayed summary judgment briefing by filing an amended complaint after the County filed its motion for summary judgment. Had the original summary judgment briefing schedule remained intact, it would have been fully briefed by mid-April 2025. *See* Ex. 4. Instead, after Plaintiffs amended their complaint and the new briefing schedule pushed completion of briefing out another three months to the end of July 2025. *See* Ex. 5.

---

[10]     *See Rest.t Law Ctr., et al. v. City of Denver, et al.,* ECF No.1, Case No. 1:24-CV-01862-PAB-KAS (D. Col. Jul. 3, 2024).

Plaintiffs will likely point out in a reply to this Response that the County moved to dismiss Plaintiffs' claims as unripe and for want of standing. The County is entitled to assert all arguments that it has a good faith basis in fact and law to advance to defend its law, enacted democratically and for purposes of the public safety and health of County residents. The County could have moved to dismiss for failure to state a claim only, and if that failed, answered the amended complaint and pursued discovery to flush out Plaintiffs' vague and conclusory assertions of harm in their affidavits. Rather than take those procedural avenues, which would have delayed a dispositive ruling on the merits of Plaintiffs' claims, the County consented to a summary judgment briefing schedule to reach the merits.

Plaintiffs' election to wait more than 18 months to initiate suit after the County's law took effect is not the hallmark of a party in need of exigent appellate review. The motion should be denied.

***Plaintiffs' Survival of a Motion to Dismiss on Grounds of Standing and Ripeness Does Not Bestow Plaintiffs With Grounds for Expedited Consideration by This Court.***

The District Court did not "acknowledge[] and recognize[] Appellants' demonstrated harms." Appellants' Mot. at 6. Instead, the District Court determined Plaintiffs alleged facts sufficient to find their claims were ripe and that they had standing. *See* ECF No. 60 at 6-8. Surviving a challenge to standing and ripeness at the trial level–in the context of a motion to dismiss, where all facts are assumed to

11

be true as pleaded by plaintiffs and viewed in a light most favorable to them–is not a finding on the merits that Plaintiffs demonstrated harm, let alone irreparable harm. *See also Cooksey v. Futrell*, 721 F.3d 226, 239 (4th Cir. 2013) (holding that when evaluating standing, the Court is "careful not to decide the questions on the merits for or against the plaintiff, and must therefore assume that on the merits the plaintiffs would be successful in their claims.") (quoting *City of Waukesha v. EPA*, 320 F.3d 228, 235 (D.C. Cir. 2003)). Expedition is not required for every plaintiff with a case that survives a motion to dismiss on grounds of standing and ripeness.

If irreparable harm existed, then Plaintiffs should have sought injunction relief from the District Court or this Court pending this appeal. *See* Fed. R. App. Proc. 8(a)(1). Plaintiffs did not.

When Plaintiffs filed suit, they stated–incorrectly–that the County's all-electric buildings standards were in effect, prohibiting and banning natural gas in new construction. They were not in fact in effect. Yet when Plaintiffs filed suit, they sought no emergency injunctive relief.

Had the District Court reached the analysis of irreparable harm, Plaintiffs' request for a permanent injunction would have failed. Plaintiffs' affidavits in support of the Amended Complaint are all based upon conjecture and predicted damages. Not one affidavit provides concrete facts as to the actual impact of the Decarbonization Law upon their businesses or that of their members. Instead all

predict what might happen once the regulations implementing the law take effect. The regulations may contain additional exemptions not listed in Bill 13-22. *See* County Code § 8-14D(b)(2). Plaintiffs cannot possibly know with concrete certainty whether their planned construction would fall within the scope of exemptions that have yet to be published, let alone finalized.

The law also exempts any building permits submitted prior to December 31, 2026. *See* County Code § 8-14D(c). Plaintiffs could submit their applications for developments prior to the law taking effect to provide any necessary grace period for this appeal to be resolved.[11]

Plaintiffs claim that their harm that "will substantially increase in severity" over time, but they "opted to exercise restraint and instead propose expedition as more modest means of minimizing Appellants' irreparable harm during the pendency of this challenge." Appellant's Mot. at 6, 8-9. These arguments are belied, again, by the fact that they waited for more than a year and a half to initiate suit after

---

[11] The Maryland General Assembly enacted a law–yet to be signed by the Governor–that would extend the viability of building permits received to construct new homes for up to five years. *See* Senate Bill 325, Land Use - Permitting - Development Rights (Maryland Housing Certainty Act) (2026), available online at: https://mgaleg.maryland.gov/mgawebsite/Legislation/Details/sb0325/?ys=2026rs. A County building permit is valid for one year and may be extended for another 6 months. *See* County Code § 8-25(b). An application may be pending for up to 6 months, and may be extended for another 3 months upon a showing of good cause. *See* County Code § 8-24(j).

the County's law took effect, delayed resolution of their claim by amending their complaint, and sought no emergency relief via a temporary restraining order or preliminary injunction below.

Even had Plaintiffs sought injunctive relief pending this appeal, it would not be granted as Plaintiffs are not likely to succeed on the merits of their claim. Since *Berkeley*, every District Court judge–including the judge in this case–rejected claims that the EPCA preempts state and local environmental laws that restrict natural gas in new construction, prohibit nitrous oxide emissions from natural gas appliances, or set building energy efficiency standards.[12]

---

[12] *See Maryland Bldg. Industry Ass'n v. McIlwain*, No. 8:25-cv-00113-DLB, 2026 WL 885003 (D. Md. Mar. 31, 2026) (appeal noted May 1, 2026) (EPCA does not preempt Maryland building energy performance standards); *Nat'l Assoc. of Home Builders of the United States v. District of Columbia*, No. 24-CV-02942 (ACR), 2026 WL 837674 (D.D.C. Mar. 26, 2026) *appeal docketed*, No. 26-7050 (D.C. Circ. Apr. 14, 2026) (EPCA does not preempt the Clean Energy D.C. Building Code Amendment Act of 2022, which requires certain newly constructed or improved buildings to operate as zero-energy by 2027); *Nat'l Assoc. of Home Builders of the United States, et al. v. Montgomery County, Md.*, ECF No. 60 (March 25, 2026) (EPCA does not preempt the Decarbonization Law); *Mulhern Gas Co. v. Mosley*, 798 F.Supp.3d 304 (N.D.N.Y. 2025)*, appeal docketed*, No. 25-2041 (2nd Cir. Aug. 22, 2025) (EPCA does not preempt a New York law prohibiting the installation of fossil fuel equipment and building systems in new buildings); *Rinnai Amer. Corp. v. S. Coast Air Quality Mgmt. Dist.*, No. CV 24-10482 PA (PDX), 2025 WL 2427844 (C.D. Cal. July 22, 2025) (EPCA does not preempt a local jurisdiction's rule that prohibited nitrous oxide emissions for natural gas appliances); *Ass'n of Contracting Plumbers of City of New York, Inc. v. City of New York*, No. 23-CV-11292 (RA), 2025 WL 843619 (S.D.N.Y. Mar. 18, 2025), *appeal docketed*, No. 25-977 (2nd Cir. Apr. 21, 2025) (EPCA does not preempt New York City's all-electric building law that prohibits natural gas in newly constructed residential buildings in the city.).

This Court should not reward Plaintiffs' strategic decision to wait to initiate this action by finding exigency now exists. The motion should be denied.

***The Second Circuit May Issue a Decision that Provides Plaintiffs the Circuit Split They Seek for Supreme Court Review.***

Two of the plaintiffs herein–NAHB and NPGA–are party to an appeal in the Second Circuit challenging New York's All-Electric Buildings Act and the Code New York adopted to implement it. *See Mulhern Gas Co. v. Mosley,* No. 25-2041 (2nd Cir.). Unlike in this case, Plaintiffs moved for an injunction from the District Court while the appeal was pending. New York State opposed. On November 18, 2025, the parties entered a stipulation before the District Court that New York would not enforce its law pending the outcome of the appeal in the Second Circuit. *See* Stipulation and Order Settling Motion for Injunction Pending Appeal, *Mulhern Gas Co., Inc., et al. v. Mosley*, No. 1:23-Cv-01267-GTS-PJE, ECF No. 75 (N.D. N.Y November 18, 2025), attached hereto as **Exhibit 6**, at ¶ 2. That stipulation further provides:

> If no writ of certiorari is timely sought, this suspension shall terminate automatically 120 days after the issuance of the mandate of the Second Circuit. Should a writ of certiorari be timely sought by any party, and denied, then this suspension shall terminate automatically on the 120th day after such denial. Should a writ of certiorari be timely sought by any party, and the petition for a writ of certiorari is granted, then this suspension shall terminate automatically upon the 120th day following the sending down of the judgment of the Supreme Court.

*See* Ex. 6 at 2 ¶ 4.

The Second Circuit heard oral argument on January 30, 2026. At any time, the Second Circuit may issue an opinion that conflicts with *Berkeley*, at which point Plaintiffs would have grounds to and will likely seek Supreme Court review due to a circuit split.

If a conflicting decision issues and the Plaintiffs seek certiorari, judicial economy will weigh in favor of holding this case in abeyance pursuant to Local Rule 12(d). Given this procedural possibility, it is not in the Court's interest to lock the parties into a frozen briefing schedule or to otherwise expedite this appeal.

## III.  CONCLUSION

For the reasons set forth above, Appellants' Motion to Expedite should be denied.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY


_____/s/_____
Erin J. Ashbarry
Chief, Division of Government Operations
erin.ashbarry@montgomerycountymd.gov
Bar No. 26298


_____/s/_____
Kristen J. Nunley
Assistant County Attorney
Federal Bar No. 30964
kristen.nunley@montgomerycountymd.gov

16

／s／

Jacquelyn P. Allen
Assistant County Attorney
Federal Bar No. 13460
jacquelyn.allen@montgomerycountymd.gov

101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
(240) 777-6700
(240) 777-6705 Fax

*Counsel for Appellee*
*Montgomery County, Maryland*

**CERTIFICATE OF COMPLIANCE WITH RULE 32(g)**
Certificate of Compliance with Length Limitation,
Typeface Requirements, and Type Style Requirements

1. This Response complies with the length limitation of Fed. R. App. P. 27(d)(2)(A) because this opposition contains 3,520 words, excluding the parts exempted by Fed. R. App. P. 32(f).

2. This Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

／s／

Erin J. Ashbarry
*Counsel for Appellee*
*Montgomery County, Maryland*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2026, a copy of the foregoing was

filed to be transmitted via this Court's CM/ECF Electronic Document Filing

System to:

Scott Novak
Baker Botts, LLP
700 K Street NW
Washington, D.C. 20001

J. Mark Little
Baker Botts, LLP
910 Louisiana Street
Houston, TX 77002

Daniel B. Rankin
Baker Botts, LLP
401 S. 1st Street
Austin, TX 78704

*Counsel for Appellants*

_____/s/_____

Erin J. Ashbarry
*Counsel for Appellee*
*Montgomery County, Maryland*