IN THE

# United States Court of Appeals
# for the Fourth Circuit

NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, *et al.*,

*Appellants,*

*v.*

MONTGOMERY COUNTY, MARYLAND,

*Respondent.*

On Appeal from the U.S. District Court for the
District of Maryland, No. 8:24-cv-03024-PX

## APPELLANTS' REPLY IN SUPPORT
## OF THEIR MOTION TO EXPEDITE APPEAL

Scott Novak
BAKER BOTTS L.L.P.
700 K Street NW
Washington, D.C. 20001
(202) 304-5099
scott.novak@bakerbotts.com

J. Mark Little
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
(713) 229-1855
mark.little@bakerbotts.com

Daniel B. Rankin
BAKER BOTTS, L.L.P.
401 S. 1st St.
Austin, Texas 78704
(737) 393-7297
daniel.rankin@bakerbotts.com

*Counsel for National Association of Home Builders of the United States,
Restaurant Law Center, National Federation of Independent Business, Inc.,
Maryland Building Association, Washington Gas Light Company, and National
Propane Gas Association*

*Additional counsel and parties listed on next page*

Abigail V. Carter
BREDHOFF & KAISER, P.L.L.C.
805 15th St. NW, Ste. 1000
Washington, D.C. 20005
(202) 842-2600
acarter@bredhoff.com

*Counsel for Philadelphia-Baltimore-Washington Laborers' District Council*

Lauren McDermott
MOONEY, GREEN, SAIDON, MURPHY & WELCH, P.C.
1920 L St. NW
Washington, D.C. 20036
(202) 783-0010
lmcdermott@mooneygreen.com

*Counsel for Teamsters Local 96*

The tenor of the County's Response suggests that Appellants are requesting extraordinary relief from this Court that would impose substantial hardship. Neither is true. Appellants merely request that the parties follow the briefing schedule already ordered by the Court, but with no extensions and priority treatment for oral argument. Nothing more. Appellants have met the threshold for showing why, in light of the County's December 31 deadline, that relief is reasonable and warranted here.

Nowhere in its Response does the County explain why Appellants' modest request is impracticable. Nor does the County respond to Appellants' explanation as to why the proposed schedule makes sense in light of the County's impending end-of-year deadline. Instead, the County's primary counterargument is that Appellants are to blame for the need to expedite, arguing that "any exigency is due to [Appellants'] delay in filing suit." County Resp. at 8 (capitalization altered). That argument is ironic considering that the County argued below that Appellants' suit was not yet ripe—*i.e.*, too early—for adjudication.

More importantly, Appellants' timing provides no basis for denying the minor expedition they seek. Appellants filed suit in October 2024, over two years before the County's self-imposed deadline of December 31, 2026. Appellants thus filed suit in time to get a ruling from the district court, and perhaps from this Court as well, before the County's end-of-year deadline. True, Appellants did not seek the

extraordinary relief of a preliminary injunction, *id.* at 6, and they also exercised their right to amend their complaint once, *id.* at 10. But nothing about that ordinary and prudent conduct in the proceedings below should prejudice Appellants' request for expedition. There certainly was nothing improper or dilatory in Appellants amending their complaint or seeking only permanent injunctive and declaratory relief.

The County additionally questions Appellants' attestations of harm, suggesting that the district court's rulings on ripeness and standing in favor of Appellants are not enough to establish harm before this Court. *See id.* at 11-15. The County exhibits some confusion on this point, as it claims that the district court ruled on the pleadings on a motion to dismiss rather than on the evidentiary record on a motion for summary judgment. *See id.* at 2, 11-12. But the district court in fact made clear it was ruling on the parties' cross-motions for summary judgment. *See* Mot. to Expedite, Exhibit 1, at 2 ("[T]he Court GRANTS Montgomery County's motion for summary judgment and DENIES Plaintiff's cross-motion."); *id.* at 13("Montgomery County's motion, construed as one for summary judgment, is GRANTED and Plaintiffs cross-motion for summary judgment is DENIED.").

The County's confusion aside, the important point is that the district court credited Appellants' declarations that detailed their harm. *See* Mot. to Expedite, Exhibit 1, at 5-8. And the County, for as much ink as it dedicates to this point, does not dispute the *irreparability* of that harm. *See* County Resp. at 11-15. Appellants'

2

harm, both future and ongoing, rests on a firm foundation. Nothing the County has said changes that.[*]

The County lastly asserts that expedition in this appeal is not warranted because it is possible that, should the Second Circuit rule on a related EPCA case in a particular way, then a circuit split may arise and then some parties in that case may seek certiorari from the Supreme Court. *See* County Resp. at 15-16. Such rank speculation plays no role in the analysis of whether to expedite this appeal. If the County's hypothesized scenario eventually comes to pass, then it would be free to request an abeyance if it so desires, perhaps coupled with a stipulation like the one provided in *Mulhern Gas Co, Inc., et al. v. Mosley*, No. 1:23-CV-01267-GTS-PJE, ECF No. 75 (N.D.N.Y 2025), promising to refrain from enforcing its challenged law during the pendency of any Supreme Court proceedings. But unless and until that happens, all this speculation about petitions for writ of certiorari and Supreme Court review is irrelevant.

---

[*] On the same point, the County asserts that "[e]xpediting this appeal would swamp this Court with motions for priority treatment from every litigant that similarly survived ripeness and standing challenges on a motion to dismiss." County Resp. at 2. This opened-floodgates scenario is purely imaginary. To state the obvious, what differentiates Appellants' case from others is the County's impending December 31 deadline, which hangs over Appellants and their livelihoods like the sword of Damocles.

**CONCLUSION**

Appellants respectfully request that the Court grant its Motion to Expedite and set the following schedule for this case:

- Appellants' Opening Brief and Joint Appendix due May 26, 2026, with no extensions.

- Appellee's Response Brief due June 25, 2026, with no extensions.

- Appellants' Reply Brief due 21 days after the filing and service of Appellee's Response Brief, with no extensions.

- Case set for oral argument on a priority basis once briefing has been completed.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ J. Mark Little*
J. Mark Little
910 Louisiana Street
Houston, TX 77002
(713) 229-1489
mark.little@bakerbotts.com

Scott Novak
700 K St. NW
Washington, D.C. 20001
(202) 639-1316
scott.novak@bakerbotts.com

Daniel Rankin
401 S. 1st St., Ste. 1300
Austin, TX 78704
(737) 393-7297
daniel.rankin@bakerbotts.com

*Counsel for National Association of Home Builders of the United States, Restaurant Law Center, National Federation of Independent Businesses, Inc., Maryland Building Association, National Propane Gas Association, and Washington Gas Light Company*

BREDHOFF & KAISER, P.L.L.C.

*/s/ Abigail V. Carter*
Abigail V. Carter
805 15th St., NW, Ste. 1000
Washington, D.C. 20005
(202) 842-2600
acarter@bredhoff.com

*Counsel for Philadelphia-Baltimore-Washington Laborers' District Council*

MOONEY, GREEN, SAIDON,
MURPHY & WELCH, P.C.

/s/ *Lauren McDermott*
Lauren McDermott
1920 L St NW
Washington, DC 20036
(202) 783-0010
lmcdermott@mooneygreen.com

*Counsel for Teamsters Local 96*

**CERTIFICATE OF COMPLIANCE**

1. This reply complies with the type-volume limitation of Fed. R. App. P. 27 (d)(2)(C) because it contains 805 words, excluding the parts of the reply exempted by Fed. R. App. P. 32(f).

2. This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

*/s/ J. Mark Little*
J. Mark Little

**CERTIFICATE OF SERVICE**

I certify that on May 8, 2026, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

*/s/ J. Mark Little*
J. Mark Little
