**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, *et al.*, | * | |
| Plaintiffs-Appellants, | * | |
| v. | * | No. 26-1449 |
| MONTGOMERY COUNTY, MARYLAND, | * | |
| Defendant-Appellee. | * | |

**DEFENDANT-APPELLEE'S RESPONSE TO THE MOTION BY THE UNITED STATES AS *AMICUS CURIAE* FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

Defendant-Appellee Montgomery County, Maryland ("the County"), by and through its undersigned counsel, opposes the September 15, 2026, Motion by the United States as *Amicus Curiae* for Leave to Participate in Oral Argument (the "Motion to Participate") (Doc. 74).

This Court should deny the Motion to Participate because in the last eighteen months, the United States completely reversed its position on the central issue of the instant appeal. That issue is whether the Energy Policy and Conservation Act, 42 U.S.C. §§ 6201-6422 ("EPCA") preempts County Bill 13-22, "Buildings–Comprehensive Building Decarbonization" ("Bill 13-22"). Bill 13-22 requires adoption of a building code that restricts natural gas in new construction. The District

Court held EPCA does not preempt Bill 13-22. *See* ECF No. 60.[1]

The United States told the District Court that "Bill 13-22 is not preempted by the EPCA" in a Statement of Interest filed on January 17, 2025. *See* ECF No. 30, attached as Exhibit A, at 8. The United States' position relied upon EPCA's plain text and a detailed statutory analysis. *See id.* at 5-10. The United States pointed to EPCA implementation rules promulgated by the Department of Energy in 1982 and 2010 as support for a finding of no preemption. *See id.* at 7-8. Finally, the United States explained why the main EPCA preemption case relied upon by Plaintiffs—*California Restaurant Association v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024)—was "inherently flawed." *See* Ex. A at 11-15. The United States attached and incorporated its *amicus* briefs from *California Restaurant Association*, which argued against EPCA preemption of Berkeley's restriction of natural gas in new construction. *Id.* at 4; Exhibits 1 and 2 attached to Exhibit A.

Two months later, on March 19, 2025, the United States withdrew the Statement of Interest, *see* ECF No. 39, and made no further arguments to the District Court.

Before this Court, the United States changes its tune. Its *amicus* brief argues that EPCA preempts the County's law. *See* Doc. 36. It invokes the same 1982

---

[1] The County refers to docket entries in the U.S. District Court as "ECF No.," and uses "Doc." to refer to docket entries in the instant appeal before this Court.

Department of Energy rule in its preemption argument (Doc. 36 at 22 n.7, 27 n. 10) and endorses the *Berkeley* court's analysis.

Like any other *amicus*, the United States must have leave of this Court to participate in an oral argument. *See* Fed. R. App. P. 29(a)(2), (8) (the United States may file *amicus* brief without consent of the parties or the court, but oral argument participation by *amicus curiae* is "only with the court's permission"); *Trejo v. Ryman Hosp. Properties, Inc.*, 795 F.3d 442, 452 n.3 (4th Cir. 2015) (Department of Labor filed an *amicus* brief but denied leave to participate at oral argument ); *Stiles v. Gen. Elec. Co.*, 986 F.2d 1415 *1 n.1 (4th Cir. 1993) (unpublished, *per curiam*) (EEOC filed an *amicus* brief but denied leave to participate in oral argument).

This Court should not permit the United States to participate in oral argument given its about-face in just eighteen months on the main issue in this appeal. The United States' current arguments jettison the EPCA interpretation it advanced (but withdrew 2 months later) before the District Court and advanced before a sister federal appellate circuit court. Its sole explanation for this extraordinary turnaround, voiced in a footnote in its brief, is that the United States changed its mind. *See* Doc. 36 at 2-3 n.1.

Given the significant shifting sands of the United States' position since this case began, this Court's decisional process would not be aided by participation at oral argument by non-party *amicus* United States. This Court should deny the

Motion to Participate.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

/s/
Erin J. Ashbarry
Chief, Division of Government Operations
erin.ashbarry@montgomerycountymd.gov
Bar No. 26298

/s/
Kristen J. Nunley
Assistant County Attorney
Federal Bar No. 30964
kristen.nunley@montgomerycountymd.gov

/s/
Jacquelyn P. Allen
Assistant County Attorney
Federal Bar No. 13460
jacquelyn.allen@montgomerycountymd.gov

Attorneys for Defendant-Appellee
Montgomery County, Maryland
101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
(240) 777-6700
(240) 777-6705 Fax

**CERTIFICATE OF COMPLIANCE WITH RULE 32(g)**
Certificate of Compliance with Length Limitation,
Typeface Requirements, and Type Style Requirements

1. This Response complies with the length limitation of Fed. R. App. P. 27(d)(2)(A) because this response contains 622 words, excluding the parts exempted by Fed. R. App. P. 32(f).

2. This Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

/s/
Erin J. Ashbarry
Counsel for Defendant-Appellee
Dated: September 26, 2026

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 26th day of September, 2026, a true and correct copy of the foregoing was served via the Court's electric filing system upon all counsel of record.

/s/
Erin J. Ashbarry
Counsel for Defendant-Appellee Montgomery County, Maryland