**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| National Association of Home Builders of the United States, *et al.*,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>Montgomery County, Maryland,<br><br>Defendant-Appellee. | 26-1449 |

**REPLY IN SUPPORT OF MOTION BY THE UNITED STATES AS *AMICUS CURIAE* FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

The United States respectfully states as follows, in support of its motion seeking leave as *amicus curiae* to participate in the December 2026 oral argument in this appeal.

1. Defendant-Appellee's opposition to the United States's motion to participate in oral argument regarding the scope of a federal statute that the Department of Energy administers fails to engage with the key reasons supporting that motion. Namely, the United States's substantial interest in this appeal (as set forth in is brief and motion), its recent participation in oral arguments for two similar appeals, and the fact that its participation will not

impact Defendant-Appellee's argument time because Plaintiffs-Appellants have agreed to share theirs go unaddressed.

2. Instead, Defendant-Appellee objects to the substance of the United States's positions in this appeal. That substance is eminently relevant to this Court's consideration of whether the federal Energy Policy and Conservation Act preempts Defendant-Appellee's ordinance.

3. The fact that the United States previously took a different view of preemption before the district court (now long withdrawn) does not change the calculus. For one thing, it is hardly unheard of for the federal government to reevaluate litigating positions in response to changed circumstances, precedent, or leadership. *See, e.g.*, *Cedar Point Nursery v. Hassid*, No. 20-107 (U.S. 2021); *Lucia v. SEC*, No. 17-130 (U.S. 2018); *Kiobel v. Royal Dutch Petroleum*, No. 10-1491 (U.S. 2012); *Comcast v. Dep't of Labor*, No. 25-2226 (4th Cir.); *DiCocco v. Garland*, No. 20-1342 (4th Cir. 2022). It is also far from untoward. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 59 (1983) (Rehnquist, J., concurring in part and dissenting in part).

4. Defendant-Appellee cites no authority for the notion that the United States should be denied leave to participate because it has changed positions. On the contrary, Defendant-Appellee's own authority suggests that

government counsel's ability to address at oral argument any questions the Court may have about the government's position could further aid the Court's consideration of the case. *See Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 452 n.3 (4th Cir. 2015) (Harris, J., concurring) ("because DOL was not permitted to participate at oral argument, we have had no opportunity to question DOL or to clarify its position"). And other precedents of this Court further confirm the value of federal participation where important federal issues are at stake. *E.g.*, *In re Kielisch*, 258 F.3d 315, 319 n.3 (4th Cir. 2001) ("thank[ing] the United States for its participation" in oral argument as *amicus curiae*); Order, *Steve & Sons, Inc. v. Jeld-Wen, Inc.*, No. 25-1127 (4th Cir. Jan. 7, 2026) (granting United States leave to participate in oral argument as *amicus curiae*); Order, *Xactware Solutions, Inc. v. Buildxact Software Ltd.*, No. 22-1871 (4th Cir. Nov. 17, 2023) (same).

5. This case's issues of first impression in this Court implicate substantial federal interests. And the United States shares the Court's goal to get these important questions right. In that common endeavor, the United States respectfully submits its participation at oral argument would be helpful.

## CONCLUSION

For the foregoing reasons, the Court should grant the United States leave as *amicus curiae* to participate in the oral argument in this case.

Respectfully submitted,

October 2026

BRETT A. SHUMATE
*Assistant Attorney General*

THOMAS PULHAM
CHARLES E.T. ROBERTS
Attorneys
*Civil Division, Room 2613*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 856-2140*
charles.roberts@usdoj.gov

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 537 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in CenturyExpdBT 14-point font, a proportionally spaced typeface.

*/s/ Charles E.T. Roberts*
Charles E.T. Roberts